### NOYES *v.* HALL

1. In Illinois, open, visible, and exclusive possession of lands by a person, under a contract for a conveyance of them to him, is constructive notice of his title to creditors and subsequent purchasers.
2. A., the owner in fee of certain lands, having mortgaged them to B., to secure a debt, contracted in writing to sell and convey them to C., who thereupon, pursuant to the contract, entered on them, and thereafter remained in the open and visible possession of them. The assignee of B. subsequently brought suit to foreclose the mortgage, but failed to make C. a party. A decree by default was rendered, under which the lands were sold to D., who conveyed them to B., after C. had paid to A. all that was due upon the contract, and received from him a deed, which was in due time recorded. B. brought ejectment, and C. filed his bill to redeem. *Held*, that C., not having been served with process, was not bound by the foreclosure proceedings, and that the title which passed by the sale under them was subject to his right of redemption.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

In April, 1858, Luther Hall, tenant in fee of certain lands in Illinois, mortgaged them to Lauren A. Noyes, to secure the payment of $1,075, and on June 4, 1859, made a contract, in writing, to sell them to Hollis S. Hall, for $3,000, payable in instalments. In February, 1860, the latter sold his interest in the lands to Wright C. Hall, who paid him $300, and assumed the conditions of his contract by making a new one with said Luther, of the same date and tenor. In March, 1860, said Wright enclosed the lands, and from that date has had open, continuous, and visible possession of them. His contract with said Luther was never recorded. Feb. 10, 1864, by deed recorded on the 19th of that month, Luther, having received all the instalments of the purchase-money for the lands, conveyed them to said Wright.

In May, 1861, Woodward, assignee of said Noyes, brought

suit in the Circuit Court of the United States for the Northern District of Illinois, to foreclose the mortgage, but failed to make said Wright a party. A decree by default was entered, under which the lands were sold in October, 1861, by a master of the court, and purchased for $400, by one Pickering. The balance of the mortgage debt was satisfied by sales of other property. Sept. 1, 1871, Pickering duly conveyed the lands to said Noyes, who, in October, 1872, brought ejectment against said Wright. The latter, on December 14, following, filed this bill, praying that the further prosecution of that action be restrained, and that he be allowed to redeem the lands.

The court decreed that said Wright was the owner in fee of the premises, and was entitled to redeem by paying $400, the amount bid at the master's sale, with interest thereon from the date of said sale, at the rate prescribed by the mortgage, amounting in all to the sum of $933.33. From that decree Noyes appealed to this court.

*Mr. Elliott Anthony* for the appellant.

*Mr. H. D. Beam, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Antecedent to the claim of the respondent, the unincumbered fee-simple title of the premises was in the father of the complainant. On the 26th of April, 1858, the owner of the tract, consisting of a farm of eighty acres, being indebted to the respondent in the sum of $1,075, mortgaged the farm to him to secure the payment of that sum.

Sufficient also appears to show that the fee-simple owner of the premises, on the 4th of June, 1859, contracted in writing with the brother of the complainant to convey the same to the other contracting party for the sum of $3,000, payments to be made as therein specified; and that the brother, eight months later, sold out his interest thus acquired to the complainant, the new contract being made by consent to bear the same date as that previously given to the brother, the complainant giving his notes in the place of those given by the brother, except for $300, which he paid in cash. Payments, except for that amount, were to be made as in the previous arrangement; and the complainant alleges that prior to the commencement of the next

year he entered into the possession of the premises, and that he has continued in the possession of the same from that time to the present.

By the terms of the agreement, the premises were to be conveyed to the complainant by a good and sufficient deed; and he alleges that the covenantor and his wife, on the 10th of February, 1864, by deed duly executed and acknowledged, conveyed the same to him; and it appears that the deed, on the 19th of the same month, was duly recorded.

Process was served; and the respondent appeared and filed an answer, in which he sets up the mortgage given by the original owner, the foreclosure of the same, the sale of the premises by the master, and his title to the same by virtue of the master's deed to the purchaser from whom he acquired the title to the premises. Proofs were taken, the parties heard, and the court entered a decree in favor of the complainant.

Due appeal was taken by the respondent to this court; and he assigns, among others, the following errors: 1. That the complainant has not made such a case as to warrant a court of equity in granting him relief. 2. That the bill of complaint does not allege any sufficient reason why it was not commenced at an earlier date. 3. That the bill of complaint does not allege that any tender of the amount required to redeem the mortgage was ever made before the commencement of the present suit. 4. That the contract to convey the land to the complainant was subsequent to the execution of the mortgage.

Both of the notes secured by the mortgage were transferred, and it appears that the assignee instituted the suit for foreclosure. When the foreclosure suit was commenced, the present complainant was in possession of the premises, having previously paid $1,000 towards the purchase of the same under his contract; and the record shows that he was not notified of the commencement or pendency of the suit.

Though in the sole possession of the premises, the complainant alleges that he was not served with process; and that no answer having been filed in the case, the bill of complaint was taken as confessed, and that a decree of foreclosure was entered, under which the premises were sold by the master for the sum of $400.

None of these matters are controverted; and it is also alleged that conveyance of the premises in due form was made by the master to the bidder, and that he conveyed the same to the respondent. Since that time, as the complainant alleges, the respondent has commenced a suit against him to recover the possession of the premises.

All of these matters are formally set forth in the bill of complaint; and the complainant alleges that the respondent neither claims nor has any other or further interest or title to the premises than that derived by purchase under the decree of foreclosure, and he avers that such title is subject to his right to redeem the premises described in the bill of complaint. Appropriate allegations are also made to show that he is entitled to such relief, upon the ground that he has been at all times since the sale of the premises ready and anxious to redeem the same from the sale and purchase; that he has offered to redeem the premises of the respondent by the payment of the said sum of $400, with interest at the rate of ten per cent from the date of the sale to the time of such tender of redemption, and that the respondent refused and still refuses to accept such payment and to release the claim and title to the premises by him so acquired; wherefore he prays that he may be declared entitled to redeem the premises by the payment of the amount of the purchase-money, with interest to the date of the decree, and that the respondent, upon the payment of such amount, may be decreed to convey to the complainant all the title and interest in the premises which he acquired by such purchase.

Deeds, mortgages, and other instruments of writing which are authorized to be recorded, take effect, by the law of that State, from and after the time of filing the same for record, and operate as notice to creditors and subsequent purchasers. Rev. Stat. of Illinois, 1874, 278, sect. 30.

Argument to show that the respondent had due notice of the claim of the complainant is quite unnecessary; as the case shows, beyond controversy, that the deed under which he acquired the title to the premises was duly recorded, and that he was, before that time, in the open, visible, and exclusive possession of the same, which, by the settled law of that State, is

constructive notice to creditors and subsequent purchasers. *Truesdale* v. *Ford*, 37 Ill. 210.

Record evidence of a conveyance operates as notice, and so may open possession: the rule being that actual, visible, and open possession is equivalent to registry.   *Cabeen* v. *Breckenridge*, 48 id. 91; *Dunlap* v. *Wilson*, 32 id. 517; *Bradley* v. *Snyder*, 14 id. 263.

Viewed in the light of these authorities and the allegations in the bill of complaint, it is clear that the first assignment of error must be overruled.

Nor is it necessary to enter into any discussion of the second error assigned, as it appears that the complainant filed the bill of complaint to redeem the premises as soon as it became necessary to vindicate his title and possession against the ejectment suit instituted by the respondent.

Beyond all doubt, the contract under which the complainant claims the right to purchase the premises is subject to the mortgage held by the respondent; but it is a sufficient answer to the third and fourth assignments of error to say that the decree sustains the validity of the mortgage, and makes ample provision to secure to the respondent all the rights which he acquired by virtue of the sale and purchase under the foreclosure.   Parties interested in the premises who were not served with process are not bound by that decree, and it follows that the respondent took his title subject to the rights of the complainant acquired under the deed, just the same as if no such decree had ever been made.

Suppose that is so, then it only remains to examine the decree, and ascertain whether it makes due provision to preserve all the rights of the respondent.

Coming to the proofs, it will be sufficient to say that the finding of the court below shows that all the material allegations of the bill of complaint are fully sustained, which is all that need be said in support of the theory of fact embodied in the decree.   Such being the fact, the court decreed that the complainant was entitled to relief, he paying to the respondent, within one hundred days from the date of the decree, the sum of $913.33, with costs of suit; and that in default of such payment the bill of complaint shall stand dismissed; and that the

respondent, if the payment be made, shall, within thirty days thereafter, execute to the complainant a good and sufficient deed, as prayed in the bill of complaint.

Examined in the light of these suggestions, as the case should be, it is clear that the decree is correct, and we are all of the opinion that there is no error in the record.

*Decree affirmed.*