# ROMIG *v.* GILLETT.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 52.  Argued October 20, 21, 1902.— Decided November 17, 1902.

Under §§ 3950, 3951 and 3955 of the statutes of Oklahoma where a judgment of foreclosure and sale of land in Oklahoma Territory is based upon service of the summons by publication, the facts tending to show the exercise of due diligence in attempting to serve the defendant within the Territory must be disclosed in the affidavit on which the order for service by publication is based.

But where a publication has been made, approved by the court and a decree entered thereon, and the mortgagee put in possession thereunder, the mortgage not having been paid, and the mortgagee has improved the

property, § 4498 of the statutes of Oklahoma will protect the mortgagee in possession, and equitable principles must control the measure of relief to which the defendant is entitled, and while she will be given the right to appear, plead and make such defence as under the facts and principles of equity she is entitled to, the possession of the mortgagee will not be disturbed in advance of such defence.

A mortgagee who enters into possession, not forcibly but peacefully and under the authority of a foreclosure proceeding cannot be dispossessed by the mortgagor or one claiming under him, so long as the mortgage remains unpaid (following *Bryan* v. *Brasius*, 162 U. S. 414).

On February 2, 1895, Don A. Gillett made and delivered to John Romig a note for seven hundred dollars, secured by a mortgage on eighty acres in Garfield County, Oklahoma. On February 6, 1895, the mortgagor sold and conveyed the real estate to Myrtle Gillett. On March 11, 1896, the mortgagee Romig commenced an action of foreclosure in the District Court of the county against Don A. Gillett and Myrtle Gillett. In the petition Myrtle Gillett was alleged to have some interest in the real estate, but junior and subsequent to plaintiff's mortgage. A summons was issued and returned not served, the sheriff certifying that the defendants were not found in Garfield County. On June 2 plaintiff filed an affidavit for publication, which affidavit disclosed fully the nature of the action and the relief sought, and added :

" Affiant further says that he is unable and that the plaintiff is unable by using due diligence to obtain service of summons on the said defendants within the Territory of Oklahoma.

" Affiant further states that on the — day of March, 1896, he caused a summons to be issued in said cause for said defendants, directed to the sheriff of Garfield county, Oklahoma Territory. Sheriff made return, ' Defendants not found in my county.'

" Affiant further states upon information and belief that the said defendants Don A. Gillett and Myrtle Gillett, are non-residents of the Territory of Oklahoma, and that service of summons cannot be made on the said defendants Don A. Gillett and Myrtle Gillett within the said Territory of Oklahoma, and that said plaintiff wishes to obtain service upon said defendants by publication ; and further affiant sayeth not."

Publication was made and proof thereof filed as required by the statutes. On December 18, 1896, a judgment of foreclosure was entered against both defendants and a sale of the real estate ordered. An order of sale was issued on January 20, 1897. A sale was made to the plaintiff and confirmed by the court March 1, 1897, and an order entered directing the sheriff to execute a deed to the purchaser and put him in possession. A deed was accordingly made and the plaintiff put in possession on March 9, 1897. Thereafter Daniel W. Harding purchased the property from the plaintiff Romig, received a deed therefor and entered into possession on March 10, 1897. He improved the property, which up to that time was unimproved prairie land, by the erection of three residences and other permanent structures of the value of $2000, paid taxes to the amount of $200, and has ever since resided thereon.

On May 11, 1898, Myrtle Gillett filed a motion to set aside the judgment, and all proceedings had thereunder, on the ground that the court had never acquired any jurisdiction; that she was at all times during the pendency of the action a resident of the Territory of Oklahoma, living in an adjoining county and within twenty miles of the mortgaged real estate, and that she had no knowledge of the institution or prosecution of the cause until long after the sale of the land by the sheriff. Upon the hearing of this motion the court entered an order setting aside the judgment and all subsequent proceedings, and directing that she be put in immediate possession of the premises. This order and judgment of the trial court was affirmed by the Supreme Court of the Territory on June 30, 1900, (10 Oklahoma, 186), whereupon the case was brought here on appeal.

The statutes of Oklahoma of 1893, which were in force at the time of these proceedings, required that actions for the foreclosure of a mortgage be brought in the county in which the real estate is situated. Section 3950 authorized service by publication in such cases " where any or all of the defendants reside out of the Territory, or where the plaintiff with due diligence is unable to make service of summons upon such defendant

or defendants within the Territory." Sections 3951, 3955 and 4498 read as follows :

" Sec. 3951. Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

" Sec. 3955. A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defence ; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section."

" Sec. 4498. In all cases any occupying claimant being in quiet possession of any lands or tenements for which such person can show a plain and connected title in law or equity, . . . or being in quiet possession of and holding the same by deed, . . . from and under any person claiming title as aforesaid, . . . or being in quiet possession of, and holding the same under sale on execution or order of sale against any person claiming title as aforesaid, . . . or any person in quiet possession of any land claiming title thereto, and holding the same under a sale and conveyance made . . . in pursuance of any order of court or decree in chancery where lands are or have been directed to be sold and the purchasers thereof have obtained title to and possession of the same without any fraud or collusion on his, her or their part, shall not be evicted

or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said lands until said occupying claimant his, her or their heirs, shall be paid the full value of all lasting and valuable improvements made on said lands by such occupying claimant, or by the person or persons under whom he, she or they may hold the same previous to receiving actual notice by the commencement of suit on such adverse claim by which eviction may be effected."

*Mr. A. A. Hoehling, Jr.,* for appellants. *Mr. Charles S. Wilson* was with him on the brief.

*Mr. William M. Springer* for appellee. *Mr. George P. Rush* was with him on the brief.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The Supreme Court of Oklahoma was of opinion that the affidavit for service by publication was wholly insufficient in that it alleged the non-residence of defendants simply upon information and belief and not positively; that being so insufficient the defendant Myrtle Gillett was not brought into court, and the judgment and all subsequent proceedings were as to her absolutely void. On the other hand, it is contended by the appellants that a separate ground for service by publication is " where the plaintiff with due diligence is unable to make service of summons . . . within the Territory;" that the affidavit for publication stated positively such inability; that therefore it was strictly within the statute, and authorized the publication of notice; that the publication was duly made, the defendants were thereby brought into court and the judgment and all subsequent proceedings were regular and valid. It may well be doubted whether this contention of appellants can be sustained, at least in cases like this of direct and not collateral attack, even if the inability to obtain personal service by the exercise of due diligence is a distinctive ground for service by publication. It would seem that the facts tending to

show such diligence should be disclosed and that an affidavit merely alleging inability was one of a conclusion of law and not of facts. *McDonald* v. *Cooper*, 32 Fed. Rep. 745; *Carleton* v. *Carleton*, 85 N. Y. 313; *McCracken* v. *Flanagan*, 127 N. Y. 493; *Ricketson* v. *Richardson*, 26 California, 149; *Braly* v. *Seaman*, 30 California, 610; *Kahn* v. *Matthai*, 115 California, 689; *Little* v. *Chambers*, 27 Iowa, 522; *Thompson* v. *Shiawassee Circuit Judge*, 54 Michigan, 236; *Alderson* v. *Marshall*, 7 Montana, 288. Nor is this inability shown by the mere fact that a summons issued to the sheriff of the county in which the land is situated is returned not served, for in cases of this kind by section 3934 a summons can be issued to and served in any county of the Territory.

But while the affidavit for publication may have been insufficient, we are unable to concur with the Supreme Court of Oklahoma in its conclusions. A publication of notice was in fact made, and a publication based upon an affidavit which, however defective it may have been, was intended to be in compliance with the statute. It was approved by the court, which upon it rendered a decree of foreclosure, which was executed by the proper officers in the proper way. By virtue of the proceedings the mortgagee was put into possession—a possession which he transferred to the appellant Harding. Under those circumstances what right has the appellee, a grantee from the mortgagor? The foreclosure was a proceeding in equity, although its various steps were prescribed by statute. Equitable principles must control the measure of relief. Even if the publication had been founded upon an affidavit perfect in form and the decree and all proceedings had been in strict conformity to the statute, yet by section 3955 the defendant would be let in to defend upon compliance with certain conditions.

Assuming that that section is not fully applicable because of the defect in the affidavit, yet the appellee comes into a court of equity seeking relief against the foreclosure of a mortgage. In such a case there are almost always certain conditions of relief. If the mortgage be valid the rights of the mortgagee and those claiming under him are to be protected. Generally such rights are protected by requiring payment of the mortgage debt

and granting a right of redemption. It is true that this right of redemption is a favored right. *Russell* v. *Southard*, 12 How. 139; *Villa* v. *Rodriguez*, 12 Wall. 323; *Bigler* v. *Waller*, 14 Wall. 297; *Noyes* v. *Hall*, 97 U. S. 34; *Shillaber* v. *Robinson*, 97 U. S. 68. But it is only a right of redemption which in this case and under the facts disclosed the appellee is entitled to. She does not pretend in her affidavit that the mortgage was invalid, or that it had been paid. She claims by a deed subsequent to the mortgage, and simply insists that she has not had her day in court, and therefore her rights, which, so far as appears, are only the rights of redemption, have not been cut off. Harding, as the grantee of the purchaser at the foreclosure sale, stands in the shoes of the mortgagee. *Bryan* v. *Brasius*, 162 U. S. 415. As shown by the opinion in that case and cases cited therein a mortgagee who enters into possession, not forcibly but peacefully and under the authority of a foreclosure proceeding, cannot be dispossessed by the mortgagor, or one claiming under him, so long as the mortgage remains unpaid.

Under section 4498 the appellant Harding has all the rights of an occupying claimant, for he was "in quiet possession . . . claiming title . . . and holding . . . under a sale and conveyance made . . . in pursuance of . . . a decree in chancery where lands . . . have been directed to be sold and the purchasers thereof have obtained title to and possession of the same without any fraud or collusion." Of course, this section applies to proceedings which are defective, for if not defective, by section 3955 a purchaser in good faith has title and cannot be evicted upon any terms.

The decree of the Supreme Court of Oklahoma will be reversed and the case remanded to that court, with instructions to set aside the order of the trial court, and to direct the entry of one which, without disturbing the possession of Harding, will give to the appellee the right to appear, plead and make such defense as under the facts of the case and the principles of equity she is entitled to.

*Decree reversed.*