OSCN Found Document:Question Submitted by: The Honorable Tammy West, Oklahoma House of Representatives, District 84

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: The Honorable Tammy West, Oklahoma House of Representatives, District 84
2023 OK AG 6
Decided: 05/10/2023
Oklahoma Attorney General Opinions

Cite as: 2023 OK AG 6, __ __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Whether individuals committed to the custody of the Department of Mental Health and Substance Abuse Services, under title 22, section 1161 of the Oklahoma Statutes, have a right to counsel at court hearings arising from recommendations made by the Forensic Review Board?
2. Whether the provisions of title 22, section 1355.6 of the Oklahoma Statutes allow the Oklahoma Indigent Defense System to represent indigent persons at the court hearings?
I.
SUMMARY
¶1 Yes, title 22, section 1161 of the Oklahoma Statutes permits individuals committed to the custody of the Department of Mental Health and Substance Abuse Services to have counsel at court hearings arising from recommendations of the Forensic Review Board. Subject to prior approval from the Director of the Oklahoma Indigent Defense System ("OIDS"), attorneys affiliated with OIDS may represent indigent committed individuals at these court hearings.

II.
BACKGROUND
¶2 Criminal defendants experiencing mental illness can be adjudicated as 1) guilty with mental defect or 2) not guilty by reason of mental illness. 22 O.S.2021, § 1161(A)(1). The consequences of being guilty versus not guilty could not be more different. Whereas guilty criminal defendants experiencing mental illness serve a statutory sentence in the custody of the county jail or Department of Corrections, their not-guilty counterparts are subject to examination by, and treatment from, the Department of Mental Health and Substance Abuse Services. Id. § 1161(A)(2--3). This opinion focuses on the experience of individuals adjudicated not guilty by reason of mental illness and who were committed to the state's mental health care system.
¶3 Upon adjudication of not guilty by reason of mental illness, the person is not to be discharged from custody until a district court decides that "the person is not dangerous to the public peace and safety and is a person requiring treatment." Id. § 1161(A)(5). To assist the court with its determination, these individuals are subject to two court-ordered statutory examinations by the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS"). Id. § 1161(A)(5), (B)(1). Following the examinations, the findings are presented to the court, district attorney, and trial counsel for the individual. Id. § 1161(C)(1). The court then holds a hearing to determine whether the person is "dangerous to the public peace or safety . . . or, if not, is in need of continued supervision . . . ." Id § 1161(C)(3)(a)(1--2). At this hearing, the district attorney has the burden to prove that the individual is dangerous to the public peace or safety and the individual unequivocally "shall have the assistance of counsel and may present independent evidence." Id. § 1161(C)(3)(a)(1), (b). Following the hearing, the court either discharges the individual or commits the person to the custody of ODMHSAS. Id. § 1161(D--E).
¶4 If not discharged, but instead committed to the custody of ODMHSAS, the Forensic Review Board ("Board") may subsequently recommend three courses of action for an individual: therapeutic visits, conditional release, or discharge. Id. § 1161(F)(2).[1] It is upon these recommendations that your questions are focused. For the reasons set forth below, this office concludes as follows: 1) committed individuals have a statutory right to counsel at hearings arising from Board recommendations; and 2) the OIDS attorneys may provide counsel to these individuals at these hearings.

III.
DISCUSSION
A. Committed individuals have a statutory right to counsel in court hearings related to Board recommendations. 22 O.S.2021, § 1161(F--G).
¶5 Fundamentally, statutory construction seeks "to ascertain and to apply the intent of the Legislature that enacted the statute." McIntosh v. Watkins, 2019 OK 6, ¶ 4, 441 P.3d 1094, 1096. Further, the Legislature's intent is derived "from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each." American Airlines, Inc. v. State, ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶ 33, 341 P.3d 56, 64--65. Reading section 1161 as a whole and considering its general purpose and objective, this office determines that the Legislature intended for committed individuals to have the right to counsel in any section 1161 hearing.

1. Title 22, section 1161(G) of the Oklahoma Statutes adopts the procedure for the hearing on examinations under title 22, section 1161(C) for hearings related to conditional release or discharge. 

¶6 As stated previously, upon the commitment of a person to the custody of ODMHSAS, the Board may recommend three courses of action for an individual: therapeutic visits, conditional release, or discharge. 22 O.S.2021, § 1161(F)(2). Section 1161 distinguishes between the three Board recommendations. Board recommendations for conditional release or discharge are automatically subject to a hearing. Id. § 1161(G). In contrast, those relating to therapeutic visits are only subject to a hearing upon an objection by the district attorney. Id. § 1161(F)(3)(a).
¶7 Section 1161, subsection (G) appears clear as to what procedures must be utilized at hearings on a recommendation for conditional release or discharge. It states:
Upon motion by the district attorney or upon a recommendation for conditional release or discharge by the Forensic Review Board, the court shall conduct a hearing to ascertain if the person is dangerous and a person requiring treatment. This hearing shall be conducted under the same procedure as the first hearing and must occur not less than ten (10) days following the motion or request by the Forensic Review Board. 

Id. § 1161(G) (emphasis added). The requirement that a section 1161(G) hearing be conducted under "the same procedure as the first hearing" is a reference to the hearing provided in section 1161(C) (when the court hears evidence regarding the psychological examinations of the individual and whether the person is dangerous to the public peace or safety, or in need of continued supervision). Id. § 1161(B--C). Under the express language in section 1161(C), an individual "shall have the assistance of counsel and may present independent evidence." Id. § 1161(C)(3)(b). Accordingly, section 1161(G) hearings on the Board's recommendations for conditional release or discharge require that an individual shall have the assistance of counsel.

2. Objections on Board recommendation for therapeutic visits fall within section 1161(G) because they are a motion by the district attorney.

¶8 While the procedures in section 1161(C) are to be followed in hearings on recommendations for conditional release or discharge, a fundamental question remains as what governs hearings on recommendations for therapeutic visits. This office believes committed individuals have the right to counsel at a hearing on the district attorney's objection to a therapeutic visit. After all, a committed individual's trial counsel has a right to receive the Board's recommendation for therapeutic visits. Id. § 1161(F)(3). So, it seemingly follows that the individual can be present, including through counsel, at a hearing on an objection concerning the therapeutic visit recommendation. This conclusion is bolstered by an examination of section 1161 as a whole.
¶9 To begin, section 1161(F)(3) provides the authorization for a hearing to be held when the district attorney objects to the Board's recommendation for therapeutic visits. To be clear, this subsection provides that "[i]f an objection is filed [by the district attorney], the therapeutic visit is stayed until a hearing is held. Id. § 1161(F)(3)(b) (emphasis added). While this provision provides for a hearing and a timeline for it to occur, it makes no mention or reference to the procedural requirements for that hearing. As such, other provisions within section 1161 must be examined. This office finds subsection (G) instructive concerning the procedural requirements for a hearing on a Board recommendation for therapeutic visits.
¶10 Section 1161(G) states that a hearing must occur upon a motion by the district attorney or by recommendation of conditional release or discharge. Id. § 1161(G). The grammatical wording creates an ambiguity as to whether a motion includes an objection to a therapeutic visit. Notably, while the section does include various definitions, neither the word "objection" nor "motion" are defined. Therefore, we look at general legal definitions of the words "objection" and "motion." Objection is defined as "[a] formal statement opposing something that has occurred, or is about to occur, in court and seeking the judge's immediate ruling on the point." Objection, BLACK'S LAW DICTIONARY, (11th ed. 2019).[2] Motion is defined as "[a] written or oral application requesting a court to make a specified ruling or order." Motion, BLACK'S LAW DICTIONARY, (11th ed. 2019).[3] Comparing the two definitions, it is apparent that the two terms are similar. Accordingly, upon a motion by the district attorney in objection to a recommendation for therapeutic visits, the district court is to hold a hearing pursuant to title 22, section 1161(G). Established above, section 1161(G) adopts the hearing procedures set forth in section 1161(C). As such, and because section 1161(C) expressly provides the individual with the right to counsel, this office concludes that individuals are authorized to have legal counsel present at hearings on recommendations for therapeutic visits.[4] To not construe the provisions together would result in an individual having almost no hearing rights, besides at the first hearing. This interpretation would render the language of section 1161(G) meaningless.
¶11 Additionally, this interpretation is consistent and reasonable with title 43A and the importance placed on an individual's rights in commitment proceedings.[5] As an initial matter, section 1161 and title 43 commitment proceedings both address determinations of whether the individual is a "person requiring treatment." 22 O.S.2021 § 1161, 43A O.S.2021, §§ 5-410--5-421. Statutes on the same subject matter are construed together as a "harmonious whole giving effect to each provision." Shepard v. Oklahoma Dep't of Corrs., 2015 OK 8, ¶ 15, 345 P.3d 377, 382. In title 43A commitment proceedings, an individual alleged to be a "person requiring treatment" shall have "the right to counsel, including court-appointed counsel, and if the person has no counsel, the court shall appoint an attorney to represent the person at no cost if the person is an indigent person and cannot afford an attorney[.]" 43A O.S.2021, § 5-411(A)(2). See In re Mental Health of D.B.W., 1980 OK 125, ¶ 9, 616 P.2d 1149, 1152 ("[w]e find that the Oklahoma Mental Health Law contains sufficient constitutional safeguards"); see also Heryford v. Parker, 396 F.2d 393 (10th Cir. 1968) (holding that a mentally deficient person was denied due process when the person was not afforded legal counsel at a hearing which resulted in involuntary commitment to a state institution).
¶12 In light of the above authorities and analysis of the statutes as a whole, committed individuals have a statutory right to counsel for all hearings that arise from a Board recommendation under title 22, section 1161.[6]

B. Under title 22, section 1355.6 of the Oklahoma Statutes, OIDS is allowed to represent indigent individuals at the aforementioned hearings. 
¶13 Hearings under section 1161 are deemed civil in nature and thus OIDS is not required to provide representation. See Parsons v. District Ct. of Pushmataha Cnty., 2017 OK 97, ¶¶ 14--15, 408 P.3d 586, 593--94. However, upon approval by the Executive Director, OIDS would be allowed to represent individuals during the hearings that arise in section 1161. This conclusion is reached because statutes relating to OIDS are plain and unambiguous. Jobe v. State ex rel. Dep't of Pub. Safety, 2010 OK 50, ¶ 13, 243 P.3d 1171, 1175. ("If a statute is plain and unambiguous, it . . . will receive the effect its language dictates. Only when the intent cannot be ascertained from a statute's text, as when ambiguity or conflict (with other statutes) is shown to exist, may rules of statutory construction be invoked for use.") (footnote omitted); see also Dean v. Multiple Inj. Tr. Fund, 2006 OK 78, ¶ 9, 145 P.3d 1097, 1101 ("If the [statutory] language is plain and clearly expresses legislative will, further inquiry is unnecessary.").
¶14 Oklahoma law explicitly states that upon approval, OIDS can provide representation in "other state proceedings" if the representation is related to the original case of representation and is not prohibited by the Indigent Defense Act, 22 O.S.2021, 1355--1370.1. 22 O.S.2021, § 1355.6(B). First, "state proceeding" is broadly defined to include "any proceeding or investigation before or by any judicial, legislative, executive or administrative body in this state." 12 O.S.2021, § 2506(A)(1). Clearly, hearings that arise under section 1161, which are before a district court, are a "state proceeding."
¶15 The next condition for OIDS representation is that the representation is related to the original case that required representation. Section 1161 hearings occur after an individual is found "not guilty by reason of mental illness" in their criminal case. 22 O.S.2021, § 1161. Therefore, hearings that arise under section 1161 are directly related to the criminal case, even if they no longer have a criminal aspect.
¶16 The last condition states that representation cannot be prohibited by the act. Central to our analysis is the following provision:
The Indigent Defense System shall have the responsibility of defending all indigents, as determined in accordance with the provisions of the Indigent Defense Act in all capital and felony cases and in all misdemeanor and traffic cases punishable by incarceration. In addition, the System shall have the responsibility of defending all indigent juveniles, as determined in accordance with the provisions of the Indigent Defense Act, in juvenile delinquency proceedings . . . and any other cases pursuant to the Oklahoma Juvenile Code, other than mental health cases, in-need-of-supervision proceedings, and any other juvenile proceedings that are civil in nature. 
22 O.S.2021, § 1355.6(A) (emphasis added).
¶17 Section 1355.6(A) states that OIDS is responsible for representation in areas "other than mental health cases, in-need-of-supervision proceedings, and any other juvenile proceedings that are civil in nature." Id. There is no prohibition for an OIDS attorney to provide counsel in adult mental health cases. This interpretation is reasonable and consistent with legislative intent, because if the Legislature intended to exclude areas for adults, they would have expressed that. The mention of one thing in a statute impliedly excludes another thing and is to be applied as an aid in arriving at intention. Public Service Co. v. State ex rel. Corp. Comm'n, 1992 OK 153, ¶ 16, 842 P.2d 750, 753. Therefore, OIDS is allowed to provide representation at section 1161 hearings upon approval by the Executive Director.

¶18 It is, therefore, the official Opinion of the Attorney General that:

1. Certain individuals have a right to counsel, under title 22, section 1161 of the Oklahoma Statutes, at hearings that arise from recommendations made by the Forensic Review Board. 
2. Under the provisions of title 22, section 1355.6 of the Oklahoma Statutes, the Oklahoma Indigent Defense System is allowed to represent indigent persons at hearings that arise from recommendations made by the Forensic Review Board.

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
BAILEY M. WARREN
ASSISTANT ATTORNEY GENERAL

FOOTNOTES
[1] The Board, established in 2008 as a seven-member public body, is composed of four licensed mental health professionals with experience in treating mental illness, one member who is an attorney licensed to practice in the state, one member who is a retired judge licensed to practice in the state and one at-large member. 22 O.S.2021, § 1161(F)(1); 2008 Okla. Sess. Laws ch. 39, § 1.
[2] Objections "call the court's attention to errors being committed so that the court, as well as the opposing party, will be advised and have an opportunity to correct them." Ponca City Bldg. & Loan Co. v. Graff, 1941 OK 299 ¶ 12, 117 P.2d 514, 518.
[3] A motion is "for the purpose of obtaining an order from the court." Landrum v. State, 1953 OK CR 40, 96 OK CR 356, 358, 255 P.2d 525, 528.
[4] Furthermore, legislative amendments to subsections (F) and (G) in 2008 support this conclusion. 2008 Okla. Sess. Laws ch. 39 §§ 1(F--G) (H.B. 2765) (amending 22 O.S.Supp.2007, § 1161). First, the legislative amendment strategically placed the new provision--1161(F)--directly before 1161(G). Id. § 1(F). Additionally, the Legislature removed language in section 1161(G) that required the hearings to occur "before the schedule release." Id. § 1(G). This change indicates that therapeutic visit recommendations were no longer excluded from section 1161(G) hearings.
[5] Title 43A, named the Mental Health Laws, is to "provide for the humane care and treatment of persons who: (1) are mentally ill; or (2) require treatment for drug or alcohol abuse. All such residents of this state are entitled to care and treatment in accordance with the appropriate standard of care. 43A O.S.2021, §§ 1-101, 1-102. Additionally, the purpose of this title is "to provide orderly and reliable procedures for commitment of persons alleged to be in need of treatment consistent with due process of law, and to protect the rights of consumers hospitalized pursuant to law." Id. § 1-104.
[6] While the questions presented for an official Attorney General Opinion inquire only about a committed individual's statutory rights under title 22, this office notes that such an individual likely also enjoys constitutional protections and a constitutional right to counsel as he or she has been committed to the State's custody indefinitely. See, e.g., Jackson v. Indiana, 406 U.S. 715 (1972); Jones v. United States, 463 U.S. 354 (1983); and Foucha v. Louisiana, 504 U.S. 71 (1992).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1953 OK CR 40, 255 P.2d 525, 96 Okl.Cr. 356, 
LANDRUM v. STATE
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1941 OK 299, 117 P.2d 514, 189 Okla. 410, 
PONCA CITY BLDG. & LOAN CO. v. GRAFF
Discussed

 
1992 OK 153, 842 P.2d 750, 63 OBJ 3422, 
Public Service Co. of Oklahoma v. State ex rel. Corp. Com'n
Discussed

 
2006 OK 78, 145 P.3d 1097, 
DEAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
2010 OK 50, 243 P.3d 1171, 
JOBE v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed

 
2014 OK 95, 341 P.3d 56, 
AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed

 
2015 OK 8, 345 P.3d 377, 
SHEPARD v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed

 
1980 OK 125, 616 P.2d 1149, 
IN RE MENTAL HEALTH OF D. B. W.
Discussed

 
2017 OK 97, 408 P.3d 586, 
PARSONS v. DISTRICT COURT OF PUSHMATAHA COUNTY
Discussed

 
2019 OK 6, 441 P.3d 1094, 
MCINTOSH v. WATKINS
Discussed

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1161, 
Acts Committed By Person With Mental Illness or Mental Defect - Jury Verdict - Sentence, Commitment, Release - Forensic Review Board
Discussed at Length

 
22 O.S. 1355.6, 
Responsibility to Defend All Indigents - Application Procedure
Cited

Title 43A. Mental Health

 
Cite
Name
Level

 
43A O.S. 5-410, 
Petition to the District Court
Cited

 
43A O.S. 1-101, 
Mental Health Law
Cited

 
43A O.S. 5-411, 
Rights of Person Alleged to be a Person Requiring Treatment
Cited