## WEBB et al. v. SEMANS.

No. 10235—Opinion Filed Feb. 17, 1925.

Rehearing Denied May 5, 1925.

1. **Mortgages—Rights of Mortgagee in Possession Under Void Foreclosure.**

Where a mortgagee purchases land at a foreclosure sale and enters into possession thereof under a void judgment or a void sale, he is simply a mortgagee in possession, and cannot be deprived of such possession by the mortgagor or his grantees prior to the satisfaction and payment of such mortgage.

2. **Courts—Decisions—Stare Decisis.**

Where a series of decisions of a court of last resort have been accepted and acted upon as the proper interpretation of the law for a long time, courts are slow to interfere with principles announced in the former decisions and often uphold them, even though they would decide otherwise were the question a new one.

3. **Mortgages—Rights of Mortgagee in Possession Under Void Foreclosure—Adjustment of Equities.**

Where, in a foreclosure proceeding, the

mortgagee becomes the purchaser in the foreclosure sale and enters into possession and afterwards the decree of sale and order of sale and the sale are set aside as to one of the principal defendants, the mortgagee is entitled to retain possession pending the adjustment of equity between him and the defendant as to whom the sale was set aside.

(Syllabus by Maxey, C.)
Commissioners' Opinion, Division No. 1.
Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Ed. M. Semans against Eva Webb and Jacob W. Webb. There was judgment for the defendant Eva Webb, and Eva Webb and Jacob W. Webb bring error. Affirmed.

This action was begun in the district court of Jackson county by the defendant in error, Ed. M. Semans, on the 19th day of October, 1915, by filing a petition in said court against Eva Webb, one of the plaintiffs in error, to quiet title, and for other relief.

This case grows out of a former suit brought by E. C. Thorne against M. Boatman, W. F. Morrison, K. M. Boatman, and Jacob W. Webb on the 8th day of June, 1924, wherein E. C. Thorne sought to foreclose a mortgage executed to him by M. Willis, who was the owner of the lands, consisting of 320 acres in Jackson county, Okla., prior to the bringing of said suit, but who had died since the execution of said mortgage leaving a will bequeathing said lands to his five children. After his death, two of the children conveyed their interest to the other three, who became sole owners of said land, and thereafter, on the 23rd day of January, 1912, said children of M. Willis conveyed said land to M. Boatman, who, as a part of the consideration for said conveyance, assumed the indebtedness of M. Willis to the plaintiff, E. C. Thorne, and agreed to pay the same to the plaintiff, E. C. Thorne. It appears that about the time the foreclosure suit was brought, M. Boatman and K. M. Boatman, the then owners of said land, were negotiating a sale of same to Jacob W. Webb. Boatman, Jacob W. Webb, and W. F. Morrison were made parties defendant in said suit and were all duly served with process, but neither of them answered. Ed. M. Semans and Edward B. Lily were, after the bringing of said suit, made parties defendant, and on the 3rd day of July, 1914, filed their answer and cross-petition. Semans and Lily made Eva Webb and Jacob W. Webb defendants to their cross-petition and alleged, among other things, that on September 1, 1914, Eva Webb and Jacob W. Webb for a valuable consideration made, executed

and delivered to said Ed. M. Semans and E. B. Lily their certain promissory note of that date whereby they promised to pay said Semans and Lily one day after date the sum of $1,628, with interest at the rate of 10 per cent. per annum from date, and that on September 1, 1914, as a part of said transaction and contract and for the purpose of securing the payment of above described note, said defendant Eva Webb and Jacob W. Webb executed and delivered to said Semans and Lily a certain mortgage covering the 320 acres of land in controversy in this suit to secure the payment of said promissory note. Semans and Lily asked in their cross-petition that their mortgage be foreclosed, but admitted that their mortgage lien was junior to the mortgage lien of the plaintiff, E. C. Thorne. No service was had on Eva Webb in this proceeding and she did not enter her appearance either to the original suit or cross-petition of Semans and Lily. On the 2nd day of October, 1914, the court entered a decree in said action and foreclosed the mortgage of E. C. Thorne, and also the mortgage of Semans and Lily, as prayed for in their cross-petition. It seems that the parties went upon the theory that Eva Webb simply signed said mortgage to Semans and Lily as the wife of Jacob W. Webb, but the deed from M. Boatman and K. M. Boatman to Webb was made to Jacob W. Webb and Eva Webb jointly, and that instead of signing simply as a wife of Jacob W. Webb, she was the joint owner of the land with Jacob W. Webb. The land was sold by the sheriff under the foreclosure proceedings but before the sale, E. C. Thorne, the plaintiff, had assigned his judgment to Semans, and Semans became the purchaser of said land at the foreclosure sale. Objections were filed by Jacob W. Webb and Eva Webb to the confirmation of said sale on the ground that neither one of them was served with process on the cross-petition, and upon the hearing of said objections to the confirmation, the court confirmed the sale as to all of the defendants except Eva Webb, who had not entered her appearance. It seems that Jacob W. Webb had filed a pleading in the case of some kind and the court held that he was in court by such pleading and refused to consider his objection to the confirmation. Thereafter the plaintiff, Ed. M. Semans, brought this suit wherein he set up the foreclosure proceedings in the case of Thorne against Boatman and others, and alleged that Eva Webb was claiming some title or interest in the property adverse to the plaintiff's claim, and that same constituted a cloud on plaintiff's title, and asked that it be held by the court that

Eva Webb had no interest in said land, but that her interest was foreclosed by the foreclosure proceedings in the case of Thorne against Boatman and others, and asked tnat the deed from Boatman to Jacob W. Webb and Eva Webb be cancelled and set aside as a cloud on his title. On the trial of the case, the court impaneled a jury and submitted certain interrogatories for the jury to answer as advisory to the court. These interrogatories were answered by the jury and the court made its findings of fact and conclusions of law and judgment was entered on said findings of fact and conclusions of law accordingly. The findings of fact made by the court are as follows:

"The court finds in favor of the plaintiff against Jacob W. Webb, but in favor of defendant, Eva Webb, finds that said Eva Webb is the owner of an undivided one-half interest in the land in controversy, she having never been served with summons in the foreclosure suit styled, 'E. C. Thorne v. M. Boatman et al., No. 1224,' or made any appearance therein; but the said defendant Jacob W. Webb, having made an appearance therein, is precluded by the judgment and sale of his interest in said property.

"Therefore, the plaintiff, Ed M. Semans. is the owner of an undivided one-half interest in said land and the said Eva Webb is likewise owner of the other one-half undivided interest.

"The court further finds: That defendant Eva Webb is due plaintiff upon note the sum of $1,628 with interest at 10% per annum from September 1, 1914. Eva Webb is entitled to a reduction on said note in the sum of _____$300.00 the amount paid on the note, and____  96.43 the amount reserved for taxes on
Seminole county land not paid out;
total _____396.43

| | |
|---|---|
| Balance due, | $1,221,57 |
| Interest to date _____ | 549.67 |
| Total _____ | $1,771.24 |

"The plaintiff, Ed. M. Semans, has paid out in cash on said land the following sums, and Eva Webb is liable for one-half of same:

| | |
|---|---|
| For assignment of Boatman judgment· _____ | $337.95 |
| With interest thereon at 10 per cent. per annum from May 10, 1915, to date, in the sum of_____ | 97.40 |
| Total _____ | $453.35 |
| Paid taxes and interest on $3,000 note in the sum of_____ | 762.70 |
| Total _____ | $1,198.05 |

Eva Webb is due one-half of this sum, to wit, _____559.02 which added to $1,771.24, makes____$2,370.26

"The court further finds that the plaintiff had possession of the premises in controversy during the years 1915, 1916 and 1917: that his status was that of a mortgagee in possession; that he rented the premises during these years to a tenant; that he exercised reasonable care in renting the property; that he received during these three years the sum of $16 in rents, which entitles Eva Webb to a credit of $8 on her indebtedness to plaintiff. which being deducted from $2,370.26, leaves a balance due plaintiff by Eva Webb in the sum of $2,- 362.26; for which last named amount plaintiff is entitled to a judgment against Eva Webb, secured by a lien on the interest of Eva Webb in the property in controversy, and the court decrees that if the said Eva Webb does not pay said sum within four months after this order becomes final, the plaintiff shall be entitled to a foreclosure of said lien and an order of sale of the interest of said Eva Webb, and the proceeds thereof to be applied to the payment of said above amount with interest thereon from date at six per cent. per annum, to which findings of fact and conclusions of law the defendants except and exceptions allowed.

"Frank Mathews.
"District Judge."

Jacob W. Webb and Eva Webb filed a motion for new trial which was heard and overruled by the court on the 28th day of February, 1918. The defendants Jacob W. Webb and Eva Webb excepted to the overruling of the motion for a new trial and the judgment of the court and gave notice of appeal to the Supreme Court, and time was fixed to make and serve case-made, and the case was served, settled, and signed, and the case is now before this court for review.

John W. Hayson and W. C. Lukenbill. for plaintiffs in error.

T. M. Robinson, Ed. S. Butterfield, and James C. Cheek, for defendant in error.

Opinion by MAXEY, C. (after stating the facts). Counsel for plaintiff in error consolidated the assignments of errors and take them up under separate heads. They consolidate the second, seventh, and eighth assignments of error and take them up under the following proposition: "The findings and judgment of the court is contrary to the evidence." Counsel devote several pages of their brief to a discussion of this proposition. They set out several pages of testimony under this proposition, but as the jury and the court both found adversely to plaintiff's contention, and we think there is ample evidence to sustain the findings of both the jury and the court, there is:

no error in that regard. Counsel for plaintiffs in error also contend that this was a jury case and entitled to be tried by a jury, and cite McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, as supporting that proposition, and also the case of Avery v. Mayes, 61 Okla. 145, 160 Pac. 712. We do not think either of these cases apply to this case. Counsel next take up the statement of account between plaintiffs in error and defendant in error, which are set out in the court's findings of facts, and also contend that the findings and the judgment of the court are contrary to law, and cite the cases of Oklahoma State Bank of Cushing v. Buzzard et al., 61 Okla. 88, 160 Pac. 462; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000; Standard Savings & Loan Association v. Anthony Wholesale Grocery Company, 62 Okla. 242, 162 Pac. 451, and Continental Gin Company v. Arnold, 66 Okla. 132, 167 Pac. 613. But we will have more to say on this proposition a little later on, wherein we will attempt to show that these contentions of plaintiffs in error are not sound.

Defendant in error cites Harding v. Gillett, 25 Okla. 199, 107 Pac. 665, and Page v. Turk, 43 Okla. 667, 143 Pac. 1047, and other authorities, but we think that the case of Harding v. Gillett, supra, is decisive of this case. In that case the facts are very much like the facts in the instant case. The case was three times tried in the trial court, duly appealed to the Supreme Court of the Territory of Oklahoma, and duly appealed from that court to the Supreme Court of the United States, and then tried again in the territorial district court and appealed to the Supreme Court of Oklahoma after the coming in of statehood. Judge Hayes, who wrote the opinion in that case, necessarily had to review all of the decisions on the different appeals in that court and a review of his opinion shows that practically every question involved in this case was passed on and decided in the different appeals in that case. It seems under the first trial of that case that there was a decree of foreclosure, and that Harding bought the land at the foreclosure sale. After the sale, some two years, Myrtle Gillett brought an action to set aside the sale, so far as she was concerned, on the ground that she was not served with notice of process in said suit. It appears they had attempted to get service by publication, but on account of defective affidavits the court held that they did not get valid service by publication and set the decree aside. Harding had gone into possession under his foreclosure deed and the court on setting aside the sale held that his status was that of mortgagee in posses-

sion, and that notwithstanding his deed was set aside he stood in the place of Romig, the original mortgagee, and succeeded to all of his rights as such. Harding remained in possession during all of the litigation which covered a period of about 10 years, and on the final hearing of the case, the court gave Harding judgment for the amount of his debt, interests, and costs due under the mortgage, charged him with the reasonable rental of the place during the time he had occupied it, and allowed him credit for the improvements made on the place, and stated the account between Harding and Mrs. Gillett. The closing part of the opinion by Judge Hayes is as follows:

"Plaintiff in error is not an innocent purchaser. Gillett v. Romig, 17 Okla. 324, 87 Pac. 325, supra. He acquired by his purchase from the purchaser at the void foreclosure sale no title whatever to the mortgaged premises. By subrogation he succeeded to the rights of the mortgagee, the plaintiff in the foreclosure proceeding. He became the owner of the mortgage indebtedness and the mortgagee's lien. He in fact became the adverse party, the real party in interest. Notice was served upon him of the proceeding to vacate the defective judgment. In response to this motion, he appeared, made no objection to the character of the proceeding, but filed his answer denying the allegations of the motion, became a party to the proceeding, filed his affidavit in support of his answer and a motion to dismiss the motion to vacate upon the ground that it failed to state facts sufficient to entitle the movant to any relief. Upon these pleadings the court rendered judgment vacating the foreclosure decree from which an appeal was taken by plaintiff in error to the Supreme Court of the Territory and to the Supreme Court of the United States. During the 10 years or more intervening since that time, he has been in person and by counsel vigorously conducting the defense in this action.

"Due process of law, by the federal Constitution requires only that a party shall have reasonable notice and shall have an opportunity to be heard before the issues are decided against him. All of this plaintiff in error has had in this proceeding. In Louisville & Nashville Ry. Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747, it was held that the rendition of a judgment against one who was not served with process in an action, or named a party until after the original judgment was rendered, but was brought in subsequently thereto by an order to show cause, and condemned to pay the judgment, did not deny to such party due process of law where he had voluntarily appeared in the case and actively conducted the defense. And a remedy by motion in a state court which gives notice and

affords an opportunity to be heard has been held to be sufficient to constitute due process of law. Iowa Ry. Co. v. Iowa, 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467.

"Finding no error in the record requiring a reversal of the judgment, the judgment of the trial court is affirmed. All the Justices concur."

An examination of that case shows that every material question involved in this case was passed on in that case. This case has been followed by this court ever since the opinion was announced (see Page v. Turk, 45 Okla. 667, 143 Pac. 1047; Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099; Strawn v. Brady, 84 Okla. 66. 202 Pac. 505), and we think is decisive of this case and recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 1237, 1239. (2) 15 C. J. p. 916, sec. 304. (3) 27 Cyc. p. 1239.