## PEOPLES NAT. BANK OF NACONA, TEX., v. CLINE et al.

No. 17945. Opinion Filed June 19, 1928.

(Syllabus.)

1. **Joint Tenancy—One Joint Tenant not Liable to Others for Damages for Refusing to Unite in Executing Oil Lease.**

Where a joint tenant refuses to execute an oil and gas lease on his interest in land, and thereafter there is a decline in the leasing value of said land, such joint tenant is not liable in damages for his refusal to unite with other joint tenants in the execution of a lease thereon.

2. **Mortgages—Mortgagee's Possession Under Foreclosure Sale not Disturbed by Setting Aside Sale as to One Defendant Until Equities Adjusted.**

"Where, in a foreclosure proceeding, the mortgagee becomes the purchaser in the foreclosure sale and enters into possession, and afterwards the decree of sale and order of sale and the sale are set aside as to one of the principal defendants, the mortgagee is entitled to retain possession pending the adjustment of equity between him and the defendant as to whom the sale was set aside." Webb v. Semans, 110 Okla. 72, 235 Pac. 1074.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by the People's National Bank of Nacona, Tex., against C. C. Cline and Myrtle Cline. From the judgment, plaintiff brings error; defendants prosecuting cross-appeal. Reversed.

Anderson & Anderson and J. L. Vertrees, for plaintiff in error.

Sigler & Jackson, for defendants in error.

LESTER, J. The parties to this appeal occupy the same position here as in the district court.

The defendants C. C. Cline and Myrtle Cline owned a one-third interest in a certain tract of land upon which they executed a real estate mortgage to J. A. Addison, in the sum of $7,700, evidenced by a note dated February 24, 1920. I. T. Sumpter also owned a one-third interest in said land, and he, together with his wife, executed a separate mortgage on said interest to J. A. Addison. B. F. Cline owned the remaining one-third interest, and he likewise executed a separate mortgage to J. A. Addison.

Each of these mortgages was based upon a separate consideration and each was thereafter assigned to the plaintiff bank.

All the above mortgagors defaulted in payment, and suit was brought by the bank to foreclose each mortgage. The bank joined as defendants in said action all the parties to the three separate mortgages. Judgment was rendered in favor of the bank and against all the mortgagors. Thereafter, in said proceeding, an order of sale issued out of the district court, and the sheriff, acting under said order, advertised and sold said land, and the plaintiff bank became the purchaser at said sale.

The bank took possession of said property; paid the taxes thereon for several years, and during the time that it was in possession of said premises it executed a certain oil and gas lease on part of said land.

Long after the said sale, it appears that each of the defendants in the foreclosure action filed a motion in that case to set aside the judgment, order of sale, and confirmation of sale, for the reason that no summons had been issued or served on the defendants, and that the attorneys purporting to represent the defendants had no authority from the defendants to waive service of summons, or file an answer for them.

Upon a hearing had to the court on said motion, the court found that B. F. Cline and wife had authorized certain attorneys to appear for them, waive the service of summons, and file an answer in said action.

The court, therefore, denied the motion to set aside the proceedings so far as they affected the defendants B. F. Cline and wife, but sustained the motion as to C. C. Cline and wife and I. T. Sumpter and wife.

No appeal was taken from the action of the court in refusing to set aside the judgment as to B. F. Cline and wife or sustaining said motion as to C. C. Cline and wife and I. T. Sumpter and wife. Thus the plaintiff in this case became the absolute owner of the undivided one-third interest in said land.

The plaintiff bank thereafter prosecuted its action for foreclosure by two separate suits; one of them being against C. C. Cline and wife, the other against I. T. Sumpter and wife.

In the action wherein C. C. Cline and Myrtle Cline were defendants, said defendants filed an answer and cross-petition, in which defendants set up in said cross-petition that they had been damaged in a large sum of money on account of the plaintiff placing the sheriff's deed to said land on record, and also on account of the plaintiff executing an oil and gas lease on said land, thereby clouding the title to said land, and then preventing the defendants from leasing said land for oil and gas purposes, and at a time when there was a demand for a lease thereon, and at an advanced price.

The answer of the defendants became immaterial, for the reason that at the trial of said cause the defendants admitted every material allegation contained in plaintiff's petition.

The case was tried to the court and jury, and upon submission of the cause to the jury, the jury found that the defendants C. C. Cline and Myrtle Cline were indebted to the plaintiff bank in the total sum of $12,894.-07, and deducted therefrom the sum of $6,-600 as damages in favor of the defendants, and rendered judgment in favor of the plaintiff for the net balance of $5.493.10.

The plaintiff filed its motion for new trial, which was by the court overruled. The defendants also filed a motion for new trial, which was likewise overruled.

Plaintiff is here on its petition in error, and defendants in error prosecute a cross-appeal.

In the trial of said cause (C.-M. 75), the defendants made the following admissions:

"They admit that the bank took possession of this land along between the 1st and 30th of January, 1922, prior to the filing of this suit. And admit that all of the allegations set forth in plaintiff's petition are true and correct and also admit the assignment of these notes and mortgages from Addison to the Nacona National Bank and assignment from Nacona National Bank to the present plaintiff, and that the plaintiff in this case are indorsees in due course of business by assignors."

In the case of Webb v. Semans, 110 Okla. 72, 235 Pac. 1074, in paragraphs Nos. 1 and 3 of the syllabus, it is said:

"1. Where a mortgagee purchases land at a foreclosure sale and enters into possession thereof under a void judgment or a void sale, he is simply a mortgagee in possession, and cannot be deprived of such possession by the mortgagor or his grantees prior to the satisfaction and payment of such mortgagee."

"3. Where, in a foreclosure proceeding, the mortgagee becomes the purchaser in the foreclosure sale and enters into possession and afterwards the decree of sale and order of sale and the sale are set aside as to one of the principal defendants, the mortgagee is entitled to retain possession pending the adjustment of equity between him and the defendant as to whom the sale was set aside."

The court in instruction No. 10 told the jury:

"You are instructed, Gentlemen of the Jury, it has been shown by the evidence in this case that the taking of possession of said real estate by plaintiff was by the consent and knowledge of said defendant, and having rightfully taken possession of said real estate, said plaintiff was entitled to retain possession thereof under the terms and conditions of his mortgage until the amount due under the terms of said mortgage had been paid or tendered, and plaintiff was entitled to the exclusive possession of said real estate as against the defendants and all persons holding by, under, or through them."

We think the record fully justified the court in giving the above instruction.

There is no testimony upon the part of the defendants that they ever tendered to the plaintiff, at any time, the amount due the plaintiff on its mortgage indebtedness, taxes, and other charges.

Hence we find that in addition to the plaintiff's ownership of an undivided one-third interest in said land, the title of the defendants was further embarrassed by the plaintiff being in possession of the defendants' interest by virtue of an unsatisfied mortgage executed by the defendants, and

said defendants having failed to tender the plaintiff- the amount due plaintiff thereon, therefore, the defendants' right of re-entry was deferred until the defendants tendered the plaintiff the amount due on said mortgage.

The evidence introduced by the defendants at the trial was not responsive to the quantum of interest held by the defendants in said land, nor did it take into consideration the legal status of said interest.

The plaintiff could, in relation to its one-third interest, lawfully accept or reject the offer of any prospective lessee tendered it by the defendants.

The plaintiff being in possession of the defendants' one-third interest under its mortgage, a prospective lessee was compelled to take notice that an entry could not be made under a lease from the defendants until the plaintiff's mortgage had been satisfied.

Under this condition of the defendants' title, it was not shown by the evidence what would have been the reasonable value of an oil and gas lease on defendants' interest, save and except for the fact that certain instruments had been placed on record by the plaintiff, and that said instruments constituted a real and substantial cloud upon defendants' title.

The case appears to have been tried upon the theory that it was the duty of the plaintiff to enter into a lease with any prospective lessee tendered it by the defendants, and in the event the plaintiff failed so to do, the defendants were, therefore, entitled to recover damages from the plaintiff.

Not only does the evidence fail to show the amount defendants' interest would have probably brought for leasing purposes, but the evidence further failed to show that any prospective lessee objected to the making of a lease with the defendants on account of any instrument filed of record by the plaintiff.

As we view this case, we conclude that the plaintiff had a right to decline to enter into any lease with any prospective lessee tendered by the defendants. The plaintiff being in possession of defendants' one-third interest under the mortgage held by the plaintiff, defendants' right of re-entry was, therefore, postponed until the mortgage indebtedness was satisfied or tendered by the defendants; and that the defendants' recovery, if any, would be limited to the amount of damages that would inure to the

defendants in failing to lease their interest in said land, and such failure was wholly caused by the plaintiff filing for record certain instruments that in fact constituted a substantial cloud upon the defendants' interest therein.

The defendants did not introduce any evidence tending to show that their failure to lease their interest was due to any cloud being cast upon the title of the defendants.

The most that can be said of the defendants' evidence is that they produced to the plaintiff certain prospective lessees and that said plaintiff refused to enter into a contract with them.

It is true there appeared of record the deed from the sheriff to the plaintiff and also an oil and gas lease executed by the plaintiff to certain parties. but it does not appear that any prospective lessee, for this reason, made any objections to defendants' title.

We have examined defendants' cross-petition in error, and conclude that there is no merit in the contentions made therein.

Under the record in this case, the judgment must be reversed, with directions to proceed in said cause not inconsistent with the views herein expressed.

BRANSON. C. J., MASON. V. C. J., and PHELPS. HUNT, and RILEY, JJ., concur.

Note.—See under (1) 33 C. J. p. 913, §23. (2) 42 C. J. p. 264, §1917.