MOBLEY et al. v. STATE ex rel. COM'RS OF THE LAND OFFICE.

No. 32173. Feb. 18, 1947.

177 P. 2d 503.

Rex Belisle, John R. Keahey, and A. E. Pearson (Priest & Belisle, of counsel), all of Oklahoma City, for plaintiff in error M. L. Reid.

Everett H. Welborn, Richard A. Jackson, and Floyd Wheeler, all of Oklahoma City, for defendant in error.

GIBSON, J. This appeal involves the correctness of an order and judgment of the district court of Cleveland county refusing to vacate a default judgment on the application of a defendant in an action wherein the judgment was rendered against such defendant.

The State of Oklahoma on relation of the Commissioners of the Land Office, holder of a note secured by real estate mortgage, instituted action in said court for recovery of personal judgment upon the note and foreclosure of the lien of the mortgage. Petitioner, M. L. Reid, who subsequent to the execution of the mortgage acquired and held of record a mineral interest in the premises, was made a party defendant to the action as one having some interest in the premises subordinate to that of the plaintiff. Summons was issued to the sheriff of Oklahoma county to serve said defendant, and return thereof was made showing service "by leaving with Mrs. M. L. Reid (his wife) a member of his family over the age of 15 years, for said defendant at his usual place of residence in said county, a true and certified copy. . . ." No response to the summons by answer or otherwise was filed, nor was appearance by or on behalf of such defendant made in the action. Thereafter, on January 23, 1942, the court rendered its judgment, which as against said defendant was on default of appearance. The judgment directed that the land be sold as provided by law without appraisement in satisfaction of plaintiff's mortgage lien, and it was sold to the plaintiff on September 23, 1942.

Thereafter, on May 5, 1944, defendant M. L. Reid filed in the case her petition to vacate judgment.

Therein it is alleged that petitioner was the owner of record of a mineral interest and as such owner was entitled, under 46 O. S. 1941 § 4, to redeem the land within six months after said judgment and that the judgment was void as to her because obtained by mistake and irregularity in that the court had not acquired jurisdiction of her person. It is therein stated that at the time of the

issuance and service of summons defendant, a female, was a resident of Marshall county and there resided in the home of her parents, Mr. and Mrs. J. F. Reid; that she was without knowledge of the issuance and purported service of the summons, and had no knowledge of the foreclosure action until about four months prior to May 1, 1944.

Therein it is further alleged that defendant has a valid defense in that she offers and agrees to pay to the plaintiff all sums that are justly due and owing on the mortgage. The prayer of the petition is that the court vacate the judgment, grant defendant the right to pay off the indebtednes on the property and to be subrogated to the rights of the plaintiff and that the statutory period be afforded her for the redemption. Accompanying the petition as an exhibit thereto is tendered an answer to the petition of the plaintiff in the cause wherein defendant admits the allegation in the petition of her ownership of an interest in said lands; the ownership by plaintiff of said mortgage and defendant's interest being subordinate thereto, and that the loan secured by said mortgage and the interest therein are in arrears, and alleges that she is ready, able and willing to make payment thereof, and tenders and agrees to pay to the plaintiff all sums due to plaintiff thereon.

On the same date an attorney for plaintiff accepted service of notice in writing of the filing of the petition to vacate, a copy of which accompanied the notice, and that it would be presented to the court on May 12, 1944.

Plaintiff interposed a demurrer to the petition to vacate alleging six grounds therefor. Only those of the grounds relied on here in support of the judgment need be considered.

On hearing had on May 12, 1944, the court overruled the demurrer and, plaintiff electing to stand thereon, the court awarded defendant a judgment in substantial accord with the prayer of the petition to vacate, to which judgment

plaintiff excepted and gave notice of an appeal. Thereafter, on July 1, 1944, the court of its own motion vacated the order overruling the demurrer and the judgment rendered thereon and reset the demurrer for hearing. On further hearing had on January 26, 1945, the court sustained the demurrer and dismissed the petition to vacate, and therefrom this appeal was taken.

As grounds for reversal there is presented by plaintiff in error the following propositions:

"First. The trial court erred in sustaining the demurrer of the plaintiff to the petition of M. L. Reid to vacate the default judgment entered in said cause.

"Second. The trial court erred in attempting to vacate its order and judgment overruling the demurrer of the state, which order and judgment had been regularly arrived at without any irregularity in the procurement of the rendition thereof."

In answer thereto and in support of the judgment the following propositions are presented by defendant in error:

"(1) The purported transcript in this case is a nullity, and does not present any error which can be reviewed by this court.

"(2) The pleading filed by the defendant and the proceedings therein performed by her constituted a general appearance, and she thereby waived whatever defect there might have been in the service of summons.

"(3) A court of general jurisdiction may, in term time, upon its own motion, reverse, modify or vacate any final judgment or order, with or without motion for new trial."

Since this appeal was filed defendant in error filed and presented and this court heard and denied a motion to dismiss this appeal. We are still of the opinion that the motion to dismiss should be denied.

The alleged error of the trial court in vacating on its own motion its earlier order overruling the demurrer and vacating the judgment thereon for the de-

fendant presented under plaintiff in error's first proposition is deemed unimportant to this appeal and will not be further considered because, in our opinion, the question arising on the later judgment of the court sustaining the demurrer is decisive.

The remaining questions are whether the petition to vacate stated a cause of action and therefore the court erred in sustaining demurrer thereto as contended in plaintiff in error's first proposition, or whether, as contended in defendant in error's second proposition, plaintiff in error, as defendant below, by her petition to vacate entered a general appearance in the original action and thus becoming bound by the judgment therein, the demurrer to her petition to vacate was properly sustained.

Considered apart from the question of waiver, it is clear that the court erred in sustaining the demurrer. For the purpose of the consideration, the demurrer admits the truth of the facts alleged in the petition to vacate. Therein alleged are two facts that are controlling. One, the fact that defendant was owner of an interest in the premises, and, the other, that such interest had been foreclosed by the court without affording her an opportunity to be heard.

Pertinent to the first fact in the situation here are sections 18 and 19 of 42 O. S. 1941, which are as follows:

"18. Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed.

"19. One who has a lien, inferior to another upon the same property, has a right:

"1. To redeem the property in the same manner as its owner might, from the superior lien; and,

"2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby."

And, in Mayhue v. Clapp, 128 Okla. 1,

261 P. 144, we held that while the right and willingness of one holding interest to pay the indebtedness, even if not a defense to the action on the note, would constitute a defense against the foreclosure of the mortgage.

In the same case, and with reference to the effect of a foreclosure judgment against such one without service of process, we said:

"If the court acquired no jurisdiction of the person of the defendant, judgment cannot be rendered against him. His rights cannot be determined until he is brought into court."

That under said facts the defendant here was entitled to seek relief is manifest from what has been said. And that the method pursued was sufficient to authorize the court to grant it is reflected in Pettis v. Johnston, 78 Okla. 277, 190 P. 681, as follows:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, R. L. 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' "

In support of defendant in error's second proposition the factual situation is stated as follows:

"The defendant in her petition to vacate, alleged not only jurisdictional facts, but also alleged the following nonjurisdictional facts: (1) that she owned an undivided interest in the oil royalty of the property; (2) that she had a valid defense; (3) that she had a right to redeem from the plaintiff; (4) that she had a right to be subrogated to all the rights of the plaintiff against her codefendants; (5) that she tendered the money; (6) that she attached her answer (R. 44-53) re-alleging the above facts, and in both her petition and in her answer asked for affirmative relief. The defendant also alleged that she was a widow and the mother of three children, and that her name was formerly Mary L. Keahey, nee Reid. Undoubtedly the

defendant, by alleging the many non-jurisdictional facts in her petition and her answer, thereby entered her general appearance for all purposes. In fact, she did not even purport to come into court by a special appearance."

After citing authorities to the effect one may appear specially on motion to vacate judgment for want of jurisdiction of movant's person, there is said:

"On the other hand, where a defendant comes into court with any kind of a pleading or motion, and pleads nonjurisdictional facts and asks for affirmative relief, he thereby waives any defect in the service, and especially so where the service is regular upon its face. There is no principle more firmly established than this in the State of Oklahoma. It has been so held from the territorial days and also in Kansas, from whence our statute came."

As authority for the legal conclusions urged there are cited and quoted Rogers v. McCord-Collins Mercantile Co., 19 Okla. 115, 91 P. 864; Ziska v. Avey, 36 Okla. 405, 122 P. 722; Griffin v. Jones, 45 Okla. 305, 147 P. 1024; and Richardson v. First National Bank of Seminole, 186 Okla. 203, 97 P. 2d 39.

In Rogers v. McCord-Collins Mercantile Co., supra, it was said:

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

The rule is comprehensive in scope because is deals with the effect of motions on the character of the appearance and is inclusive of motions filed both before and after the judgment involved.

The construction sought to be applied here appears to be based upon the theory that the effect of a given paper or pleading would have like effect in either instance. To so hold would tend to defeat rather than accomplish the purposes of the law. In either case it is not the character of the paper or pleading or its purport alone that is determinative of the character of the appearance, but the effect thereof in either situation when measured by a controlling principle.

The controlling principle applicable to motions to vacate judgments is declared and its application illustrated in the following language in Griffin v. Jones, 45 Okla. 305, 147 P. 1024, which is quoted in support of the proposition under consideration:

"We are of the opinion that this contention must be upheld, in so far as it relates to the question of the invalidity of said judgment by reason of lack of jurisdiction over the person of defendants. Nichols & Shepard Co. v. Baker, 13 Okla. 1, 73 P. 302; Rogers v. McCord-Collins Mer. Co., 19 Okla. 115, 91 P. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 P. 738; Trugeon et al. v. Gallamore, 28 Okla. 73, 117 P. 797; Welch v. Ladd, 29 Okla. 93, 116 P. 573; Pratt v. Pratt, 41 Okla. 577, 139 P. 261; Ziska v. Avey et al., 36 Okla. 405, 122 P. 722; Walton et al. v. Kennamer et al., 39 Okla. 629, 136 P. 584; Willett et al. v. Blake et al., 39 Okla. 261, 134 P. 1109. These cases hold, in effect, that where a judgment is rendered without service or notice to defendants, who thereafter file a motion to vacate the same, alleging both jurisdictional and nonjurisdictional grounds, thereby making a general appearance, the effect of which waives all defects in the citation or notice, and cures any defect in the judgment existing by reason of lack of service of summons or other notice. The reason of the rule is that a person should not be permitted to challenge the jurisdiction of the court over him, and at the same time invoke its jurisdiction by asking relief. Assuming that defendants, in filing their motion to vacate the judgment, alleged both jurisdictional as well as nonjurisdictional grounds, thus making a general appearance, under the foregoing authorities they must be held to have waived jurisdiction over their person."

From this it is apparent that the gen-

eral appearance obtains by reason of the inconsistency that arises where one seeking relief on the basis of the absence of jurisdiction also seeks relief to which he would be entitled only on the hypothesis that the court had jurisdiction.

It will be noted from the last sentence of the quotation that, as applied to motion to vacate judgment, the inconsistency has reference to the grounds alleged for the vacation, that is "jurisdictional and nonjurisdictional grounds." This limitation has at all times inhered in the rule. In Lookabaugh v. Epperson, 28 Okla. 472, 114 P. 738, the rule herein quoted from Rogers v. McCord-Collins, supra, was considered. It was therein stated that the same was not only supported by the decisions of this state and of Kansas, from which our statute on procedure was adopted, but that it had been the rule in Kansas since the early case of Cohen v. Trowbridge, 6 Kan. 385, and directs attention to Burdette v. Corgan, 26 Kan. 102, and later cases. The Burdette Case (opinion by Justice Brewer) is a leading case upon the question under consideration and the holding therein was, in the same language, adopted by the Supreme Court of the United States (Sugg v. Thornton, 132 U. S. 524, 10 S. Ct. 163, 33 L. Ed. 447). Therein is said:

"The motion to vacate the judgment recited that the parties specially appeared, and moved to set aside the judgment as void for several reasons—among them, that the petition of the plaintiff did not state facts sufficient to uphold the judgment; that no guardian ad litem was appointed for the minor defendants; and because no service was made upon the minor defendants, as required by law. . . .

"The question now is, not whether this defendant was originally served or concluded by the judgment at the time it was rendered, but whether her subsequent action has not shut her off from any remedy. This question has never been before us, and must be decided upon the record as it now stands. In the first place, we remark that this appearance by the motion, though called spe-

cial, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment not merely on jurisdictional but also on nonjurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion (Cohen v. Trowbridge, 6 Kan., 385; Fee v. B. S. Iron Co., 13 Ohio St. 563; Grantier v. Rosecrance, 27 Wis. 491; Alderson v. White, 32 Wis. 309). Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground."

It is evident that the nonjurisdictional ground which effects the general appearance is a challenge of the judgment by reason of something in the proceedings which is deemed to make it erroneous. And the underlying principle is that by invoking the jurisdiction of the court to consider the judgment for want of merit he voluntarily becomes a party and must win or lose according to whether his contention is or is not good as determined by the court.

There is nothing to the contrary in the cases cited and relied on by defendant in error. Rogers v. McCord-Collins Mercantile Co., supra, is not in point. There the defendant appeared specially and moved to quash summons. Evidence was heard and the court sustained the service. After default judgment defendant moved to vacate judgment for want of jurisdiction of his person. The motion was denied and on appeal the court held that the ruling of the trial court on the motion to quash was res judicata. In Ziska v. Avey, supra, the motion to vacate, in addition to challenging the sufficiency of the affidavit for publication,

charged that the petition upon which the judgment was based did not state a cause of action. In Griffin v. Jones, supra, also, the motion to vacate challenged the judgment upon the ground the petition on which based did not state a cause of action. In Richardson v. First National Bank of Seminole, 186 Okla. 203, 97 P. 2d 39, the motion, in addition to alleging want of service, alleged that the judgment was erroneous because the note sued on was not secured by the mortgage sued on and the judgment on the note was not a lien upon the mortgaged property because a homestead.

Herein the sole ground of attack upon the judgment is the absence of jurisdiction in the court to render same against the movant because of absence of service of summons. The movant does not challenge the correctness of the judgment on matters pertaining to the merits, but on the other hand she admits the truth of the facts that constitute the entire basis of the judgment except jurisdiction. Such being true, it cannot be correctly said that the judgment is challenged on other than jurisdictional grounds. This being true, it is decisive of the question here. Where the request for relief on nonjurisdictional grounds is made a ground of attack on the judgment, the jurisdictional ground is waived, because of the inconsistency; but where such request is not made a ground of the attack, no such inconsistency exists.

In Bitter v. Gold Creek Mining Co., 225 Wis. 55, 273 N. W. 509, 111 A. L. R. 921, there is said:

"It is well established in this jurisdiction that, 'when a party seeks to take advantage of a want of jurisdiction, he must object on that ground alone, and keep out of court for every other purpose.' Coad v. Coad, 41 Wis. 23, 26. The principle to be extracted from our decisions is, as was stated in Blackburn v. Sweet, 38 Wis. 578: 'Where the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and person, this is a submission to the jurisdiction, and waives all defects in the service of process.' (Citations omitted.)

"However, in connection with the approval of that established principle, this court has recognized an exception thereto when on only the showing, relied upon for establishing the insufficiency of the service sought to be vacated on a motion made on a special appearance for solely that purpose, there was also an application or order for other relief, which was merely incidental to and consistent with vacating the service as insufficient, and to which the defendant was entitled without any additional showing. Under such circumstances, the application or order for the incidental and consistent relief does not result in a waiver of the special appearance or the right to rely upon the lack of jurisdiction."

In an annotation following the report of the foregoing case, in 111 A. L. R., p. 925 et seq., citing numerous cases as authority, the author says.

"The rule is clearly deducible from the cases, although it is infrequently expressly stated, that if relief in addition to the vacation of service of process is asked, which relief is consistent with the clerk's lack of jurisdiction over defendant's person, the asking thereof does not operate as a waiver of the right to rely upon the invalidity of the service."

We consider the status of the movant in the instant case to be reflected by the following statement in 3 Am. Jur. 796:

"But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity."

In Southwestern Surety Ins. Co. v. Walser, 77 Okla. 240, 188 P. 335, we quoted with approval the following:

" 'It seems to us that the relief to which the statute refers as affirmative is only that for which the defendant might maintain an action entirely independent of plaintiff's claim and which he might proceed to establish and recover even if plaintiff abandoned his cause of action, or failed to establish it.' "

The rule is stated in 6 C. J. S. p. 64, sec. 21, as follows: .

"Affirmative relief, as used in this connection, must be relief for which defendant might maintain an action independent of plaintiff's claim, and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it. Stipulating or asking for a continuance, pleading the statute of limitations, praying for costs, or, indeed, such relief as facts set up in defense might entitle defendant to where it is apparent that only protective relief is sought, is not the seeking of such affirmative relief as will waive the jurisdictional objections."

Under the demurrer it is to be accepted for the purpose of this review that the movant was the owner of the interest in the land and neither appeared nor was served with process in the cause. Under the law the judgment rendered was void as to her and hence her estate and rights incident thereto were not impaired thereby (Pettis v. Johnston, supra; First Nat. Bank of Newton v. Wm. B. Grimes Dry Goods Co., 45 Kan. 510, 26 P. 56). By reason of the statutes hereinabove quoted the movant as an incident to her ownership had by law the rights of redemption and subrogation there provided and upon such vacation her right to seek the remedies provided could no longer be in question. Furthermore, with the vacation of this judgment there remained in the mortgagee plaintiff a lien upon the estate of movant defendant and the right to foreclose the same. The right of the defendant to vacate such judgment was not created by the statute under authority of which the motion was filed. The right was cognizable and enforceable in equity independently thereof and the effect of the statute was to deny recourse to equity where the remedy sought was afforded by the statute (Pettis v. Johnston, supra; Amos v. Johnston, 162 Okla. 115, 19 P. 2d 344). If the application to vacate were permissible and made by petition in equity, the relief would have been granted upon such terms as to equity would have seemed proper in contemplation of both the existing right of foreclosure and the right of redemption. And since equity would require a showing of a valid defense to the action on which the judgment was rendered—in this case a right of redemption—it could as a condition of the relief require a tender of payment. Webb et al. v. Semans, 110 Okla. 72, 235 P. 1074; Peoples Nat. Bank of Nacona, Tex., v. Cline et al., 131 Okla. 222, 268 P. 279. And, for that matter, such other terms as might be deemed proper under the facts. Richmond v. Robertson, 50 Okla. 635, 151 P. 203; Van Meter v. Field, 195 Okla. 555, 159 P. 2d 546.

Where, on petition to vacate the terms of the statute are complied with, the court is empowered to grant full relief. Hence, to hold that by further seeking in the petition a measure of relief which coincident with the vacation of the judgment the defendant, as a matter of law, is entitled to seek in that court, or that she, by offering to do that which the court could require to be done as a condition precedent to the vacation of the judgment, is to be deemed to have waived her right to challenge the judgment would, in effect, not only place a premium on incongruity but would make a pitfall and snare of a statute designed to effectuate justice.

The judgment appealed from is reversed and the cause is remanded to the trial court, with directions to overrule the demurrer to the petition to vacate and to proceed in accordance with the views herein expressed.