STATE ex rel. COM'RS OF LAND OFFICE v. MOBLEY et al.

No. 33211. Jan. 8, 1949.

Rehearing Denied March 8, 1949.

Application for Leave to File Second Petition for Rehearing Denied April 21, 1953.

*255 P. 2d 945.*

Lonnie L. Corn, T. J. Lee, Roy F. Lewis, Richard A. Jackson, and Floyd Wheeler, Oklahoma City, for plaintiff in error.

John R. J. Keahey, A. E. Pearson, and Rex Belisle, Oklahoma City, for defendants in error.

WELCH, J. In 1940, the State of Oklahoma, on relation of the Commissioners of the Land Office, commenced action against B. A. Mobley and others upon a promissory note secured by real estate mortgage. M. L. Reid, who was not a party to the note and mortgage, but who subsequent to the execution thereof acquired a mineral interest in the land described in the mortgage, was named a party defendant to the action. On January 23, 1942, judgment was rendered in favor of the plaintiff and against certain named defendants for the sum due upon the note and for foreclosure of the mortgage against all the defendants. Sale was had as provided by the judgment. The land was sold to the plaintiff for an amount less than the amount of the judgment on the note. The sale was confirmed and sheriff's deed issued to the state.

Thereafter, on May 5, 1944, the defendant M. L. Reid filed a petition in the case alleging that the judgment in foreclosure was void as to her, in that the court had not acquired jurisdic-

tion of her person. It was stated that no summons was ever served on her and that she had no knowledge of the foreclosure action until about four months prior to May 1, 1944. It was alleged that she has a valid defense in that she offers and agrees to pay to the plaintiff all sums justly due and owing on the mortgage. The prayer of the petition is that the court vacate the judgment and grant her the right to pay off the indebtedness on the property and be subrogated to the rights of the plaintiff.

Accompanying the petition as an exhibit thereto the defendant Reid tendered an answer to the petition of the plaintiff. In the answer so tendered the defendant admits the allegation in plaintiff's petition of her ownership of an interest in the lands and plaintiff's ownership of the mortgage, and that defendant's interest is subject thereto and that the loan and interest on the loan secured by said mortgage was in arrears at the time of the filing of the suit. The answer further states, "defendant hereby offers, tenders and agrees to pay to the said plaintiff all sums due to the said plaintiff on said loan." The prayer of the answer is "that upon a finding of the court as to the amount that is justly due and payable to the said plaintiff, that the court decree that this defendant, upon payment of said sums, be decreed the right of subrogation to the right, title and interest of said plaintiff, in the aforesaid real estate."

Plaintiff interposed a demurrer to the defendant's petition to vacate. The trial court sustained the demurrer and dismissed the petition. The defendant M. L. Reid appealed to this court.

This court reversed that judgment and remanded the cause with directions to the trial court to overrule the demurrer to the petition to vacate and proceed in accordance with the views expressed in the opinion and mandate. Mobley et al. v. State ex rel. Commissioners of the Land Office, 198 Okla. 250, 177 P. 2d 503.

The mandate of this court was entered on the journal of the district court of March 17, 1947. On March 26, 1947, the plaintiff filed a motion to dismiss the action as to the defendant M. L. Reid. On April 7th thereafter, by interlineation, the words "with prejudice" were added to the motion to dismiss.

In May 1947, a journal entry of judgment was filed which recites that on May 5, 1947, the cause came on for hearing on plaintiff's motion to dismiss the foreclosure action as to the defendant, M. L. Reid. The trial court made findings that on April 7, 1947, the demurrer of the plaintiff to the defendants' petition to vacate the judgment had been overruled, and on the same date the judgment in foreclosure as to the defendant M. L. Reid had been vacated. The defendant Reid was granted permission to file, instanter, her answer in the foreclosure action, which answer had been attached to the petition to vacate. The defendants in open court made an offer to pay the amount of money found due the plaintiff in the foreclosure action. The plaintiff refused the offer and requested an order of dismissal of the action as to the defendant Reid and stated that plaintiff was filing in the case a written dismissal with prejudice as to said defendant. The court overruled plaintiff's motion to dismiss and sustained an objection by defendant to plaintiff's filing of dismissal. The court made a finding that plaintiff made no denial that the defendant owned an interest in the property and that such interest had not been foreclosed. An order and judgment was entered that if within a prescribed time the defendant should pay to plaintiff or pay into court an amount equal to the judgment rendered on January 23, 1942, with interest thereon calculated to May 5, 1944, the date when petition to vacate the judgment was filed, the plaintiff should have no further interest in the premises described in the foreclosure proceeding and that the defendant Reid be subrogated to all of the right, title and interest of

the plaintiff acquired by its mortgage and foreclosure action.

In this appeal the plaintiff asserts:

"The court erred in denying plaintiff its right to dismiss its cause of action against the defendant M. L. Reid; the court erred in its finding and judgment that the defendant, M. L. Reid, be allowed, upon voluntary payment of said judgment, to become subrogated to the rights of the plaintiff."

Plaintiff cites 12 O.S. 1941 §684, which reads in part as follows:

"A plaintiff may, on payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervener or defendant to proceed with the action."

Plaintiff asserts an absolute right under the above statute to dismiss its action as to the defendant Reid, in that the defendant filed no answer praying for affirmative relief.

The defendant cites Mobley et al. v. State ex rel. Commissioners of the Land Office, supra, wherein 42 O. S. 1941 §§18 and 19 are quoted as follows:

"§18. Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed.

"§19. One who has a lien, inferior to another upon the same property, has a right:

"1. To redeem the property in the same manner as its owner might, from the superior lien; and,

"2. To be subrogated to all the benefits of the superior lien when necessary for the protection of his interests, upon satisfying the claim secured thereby."

And wherein in the body of the opinion it is said:

"Under the demurrer it is to be accepted for the purpose of this review that the movant was the owner of the interest in the land and neither appeared nor was served with process in the cause. Under the law the judgment rendered was void as to her and hence her estate and rights incident thereto were not impaired thereby. (Pettis v. Johnston, supra; First Nat. Bank of Newton v. Wm. B. Grimes Dry Goods Co., 45 Kan. 510, 26 P. 56.) By reason of the statutes hereinabove quoted the movant as an incident to her ownership had by law the rights of redemption and subrogation there provided and upon such vacation her right to seek the remedies provided could no longer be in question."

The defendant asserts that plaintiff having filed its motion to dismiss any right it may have had to summarily dismiss was waived, citing Spellacy v. Superior Court in and for Los Angeles County, 23 Cal. App. 2d 142, 72 P. 2d 262, and 27 C.J.S., Dismissal and Nonsuit, §12, wherein it is stated:

"A plaintiff's right to summarily dismiss is waived by his filing a motion to dismiss and thereby invoking the court's jurisdiction to make an order on the motion."

If it be said that under 42 O. S. 1941 §18, supra, a person having an interest in property subject to a lien might at any time after the claim is due maintain an independent action against such claimant to enforce his right to redeem the property from the lien, then it would appear to follow that when a lien claimant has commenced action to foreclose and a person having an interest in the property answers by offering to pay the costs and redeem the property from the lien, the lien claimant may not dismiss the action and leave the lien claim as a subject of future action in foreclosure. Inasmuch as such answering defendant might have maintained an independent action to enforce his right to redemption from lien, it would appear that an answer

345

offering to redeem might well be treated as a prayer for affirmative relief as contemplated in 12 O.S. 1941 §684. If the lien claimant after commencing action to foreclose acts to dismiss the action with prejudice to a future action an entirely different effect is wrought as between the parties. The lien claimant acting to dismiss his action on the lien with prejudice and acting to forever bar any claim of lien against the property, resort to section 18, supra, would not be required. Clearly. when a person owns an interest in property subject to a past due lien claim and such lien has been effectively discharged or barred, then section 18 could have no application.

The question of whether or not plaintiff's right to summarily dismiss the action could be or was waived requires no direct answer in the determination of this appeal. Under the circumstances herein plaintiff's motion to dismiss with prejudice and the written dismissal with prejudice are of the same effect.

Herein, the action being one to establish and foreclose a lien against defendants' property, the filing of a written dismissal with prejudice by the plaintiff clearly and effectually released the property from such lien claim, and forever. As noted above, defendant's answer to plaintiff's petition was an offer to pay the amount asserted as a lien against the property in which she owned an interest. The prayer of the answer was that upon such payment she be subrogated to all benefits of the lien. After the filing of dismissal by plaintiff or after plaintiff had acted to effectively release the lien as against defendant's property, no right to subrogation existed as prayed for in defendant's answer. Likewise, upon the filing of a motion by plaintiff to dismiss with prejudice such motion being an offer of effectual release of the lien, no right to subrogation, which in all cases is a protective right, would exist. The trial court in the proper exercise of its jurisdiction should have dismissed the action with prejudice.

The doctrine of subrogation is governed and controlled in its operation by principles of equity, rather than by strict legal rules, and one of the conditions of subrogation in all cases, in the absence of specific contract, is that the subrogee discharge the obligation of another for the protection of his own rights. Such is the condition stated in 42 O.S. 1941 §19 in the situation there applicable. The rule is mentioned in 50 Am. Jur., Subrogation, 10, as follows:

"There are . . . certain elements or conditions which must be present in every case in which legal subrogation is sought. In the first place, there must be a debt or obligation for which parties other than the subrogee are primarily liable, and which he as surety, guarantor, or in some other capacity discharges for the protection of his own rights or interests, . . ."

In Johnson v. Gillett, 66 Okla. 308, 168 P. 1031, in the second paragraph of the syllabus, with reference to doctrine of subrogation, it was said:

"The doctrine requires (first) that a third person seeking its benefit must have paid a debt due to a third party before he can be substituted to that party's right, and (second) that in doing this he must not act as a mere volunteer, but on compulsion, to save himself from loss by reason of a superior lien or claim on the part of the person to whom he pays the debt, as in cases of sureties, prior mortgages, etc. The right is never accorded in equity to one who is a mere volunteer in paying a debt of one person to another."

Herein, plaintiff having acted to extinguish the lien insofar as defendant's property was affected, no conditions under which subrogation might be decreed existed.

It is contended by defendant that the plaintiff by virtue of 64 O.S. 1941 §52 could not effectuate a release of defendant's property until the loan made to defendant's predecessor in title had been paid in full. The case of State ex

rel. Com'rs. of Land Office v. Schneider, 197 Okla. 57, 168 P. 2d 288, is cited.

The statute cited reads in part as follows:

"No settlement shall be made by the Commissioners of the Land Office or any employee with any borrower for less than the amount due upon his obligation, . . . ."

It was held in State v. Schneider, supra, that the statute prohibited settlement with a borrower for less than the amount due upon his obligations. Herein, the release of defendant's property from the mortgage given to secure the loan does not lessen the amount due upon the obligation of the borrower and does not in anywise constitute a settlement with the borrower and the ruling in the cited case has no application. The statute does not affect the plaintiff in the management of its mortgage security except in its dealings with the borrower.

It might be that under the peculiar circumstances in this case the plaintiff has gained valuable rights by virtue of its ownership of the mortgage, which rights can be best protected by release of defendant's property from the lien of the mortgage. A dismissal of the action by plaintiff with prejudice having the effect of releasing or extinguishing the lien as to defendant's property under the answer filed as hereinbefore noted, does not prejudice any rights of the defendant to which she in law or in equity is entitled. Under such circumstances it was error to refuse dismissal.

The judgment appealed from is reversed and the cause is remanded to the trial court, with directions to dismiss the action as to this defendant, with prejudice to any future action.

HURST, C.J., DAVISON, V.C.J., and BAYLESS and CORN, JJ., concur. RILEY, GIBSON, and LUTTRELL, JJ., dissent.