SOUTHERN BOND COMPANY et al., Appellants,

v.

Roy M. TEEL, Appellee.

No. 47190.

Supreme Court of Oklahoma.

April 20, 1976.

Rehearing Denied June 4, 1976.

Simon B. Spradlin, Oklahoma City, for appellants.

James R. Eagleton, W. L. Eagleton, George W. Owens, Tulsa, for appellee.

BERRY, Justice:

Southern Bond Company [Southern], Cimarron Valley Gas Authority [Cimarron], and Muriel E. Woosley, appellants herein, filed action to vacate two default judgments.

Roy M. Teel, appellee herein, had filed suit against appellants to recover upon check issued by Southern. Cecil E. Inman, Jr., had signed the check on behalf of Southern. The check was payable to Cimarron and had been endorsed by Cimarron and Muriel L. Woosley in favor of Teel. Appellee alleged check had been delivered to him and the bank had refused to cash it on grounds payment had been stopped.

On April 2, 1971, trial court entered default judgment against Southern and Cimarron. It found Southern and Cimarron were served by mail, Cimarron was also served by Sheriff of Oklahoma County, and both parties had wholly defaulted.

On July 13, 1972, trial court entered default judgment against Woosley.

It found Woosley was served by mail and by Sheriff of Oklahoma County, and that on April 2, 1971, his attorney had filed an appearance pursuant to 12 O.S. 1971, §§ 154.1–154.6, but he had thereafter failed and neglected to file any further pleadings.

The present action to vacate default judgments was filed on August 20, 1973.

Teel's demurrer to the amended petition to vacate was sustained and appellants appeal from that ruling. The Court of Appeals, Division 1, reversed trial court's judgment and remanded case for trial on merits. Teel petitions this Court for writ of certiorari. Certiorari granted, decision of Court of Appeals vacated, judgment of trial court reversed in part, affirmed in part.

In the petition to vacate Cimarron alleged trial court did not have jurisdiction

over it because it "was purported to have been served by summons to 'Mrs. E. Woosley' an individual having no office, employment, position, nor association with said trust in any manner, at any time."

The record indicates Teel attempted to serve summons upon Cimarron by certified letter addressed to the Authority at 4900 N.W. 31st Street, Oklahoma City, Oklahoma. This letter was returned to the Court Clerk of Tulsa County marked "unclaimed."

The sheriff's return in the record indicates the sheriff of Oklahoma County then attempted to serve summons on Cimarron by delivering a copy to "Mrs. E. Woosley, she being the agent in charge, 4900 N.W. 31st St., Oklahoma City, Oklahoma * * *"

Other than the notation on the sheriff's return there is nothing in the record which indicates what relationship, if any, existed between Mrs. E. Woosley and Cimarron.

■ A demurrer to petition to vacate default judgment admits truth of facts alleged in the petition. *Mobley v. State,* 198 Okl. 250, 177 P.2d 503.

If the allegations of the petition are correct the trial court did not have jurisdiction over Cimarron at the time it entered default judgment against Cimarron.

Plaintiff contends Cimarron's petition to vacate included non-jurisdictional grounds thereby constituting a general appearance which cured any defect in judgment by reason of lack of service of summons or other notice. *Mobley v. State,* supra; *La Bellman v. Gleason & Sanders, Inc.,* Okl., 418 P.2d 949.

In *La Bellman v. Gleason & Sanders,* supra, we stated that in such cases:

"'* * * it is the duty of the court to investigate and ascertain whether or not the proceedings resulting in the judgment and the judgment itself are so

irregular that they would be held to be fatal upon appeal direct from the judgment, and that in case injustice has been done, and it is clear the judgment is inequitable, it should be vacated, to the end the controversy may be heard upon the merits in the interest of justice * * *' "

12 O.S.1971 § 1031(3), permits court to vacate a judgment or order for "irregularity in obtaining a judgment or order." Proceedings to vacate judgment for causes mentioned in § 1031(3) must be brought within three years after judgment was rendered.

The present action to vacate was brought within three years after the judgment was rendered against Cimarron.

The petition to vacate does allege a defense to Teel's cause of action in that it sets out conditions under which check was to be cashed and alleges those conditions had never taken place.

■ We conclude trial court erred in sustaining demurrer to Cimarron's petition to vacate the default judgment.

Southern alleges judgment against it was void because it was not a corporation, the party served was not its service agent, and the summons did not provide 41 days to answer.

The note in question was issued by Southern. Inman executed the note on behalf of Southern. The petition to vacate does not explain Inman's relationship to Southern, nor does it explain the exact nature of Southern's legal status. Furthermore, it fails to allege Southern did not have actual notice the suit had been filed.

Insofar as concerns the allegation the summons did not provide 41 days to answer, we note Teel attempted to serve Southern pursuant to provisions of Uniform Interstate and International Procedure Act. 12 O.S.1971 §§ 1701.01–1706.04.

This Act permits service by mail upon an individual, corporation, partnership, association, or any other legal or commercial entity which has engaged in acts specified therein. See § 1701.01 and § 1701.03.

12 O.S.1971 § 173 concerns notice by publication and provides notice shall state time to answer which shall not be less than 41 days from date of first publication.

■ In *Vemco Plating, Inc. v. Denver Fire Clay Co.,* Okl., 496 P.2d 117, we held service under §§ 1701.01–1706.04, supra, is a form of personal service and the 41 days period referred to in § 173, supra, is not applicable.

■ We conclude trial court did not err by sustaining demurrer to Southern's petition to vacate.

Woosley entered appearance in original action through his attorney pursuant to 12 O.S.1971 §§ 154.1–154.6. More than one year later Teel filed motion for default judgment against Woosley on ground Woosley had not further pleaded or answered.

A hearing was held on the motion and Woosley failed to appear. The court then granted default judgment against Woosley.

In his petition to vacate Woosley alleged judgment should be vacated because his attorney repeatedly assured him matter was being taken care of and his attorney stated he had never received copy of motion for default judgment and had no knowledge of filing of, or hearing upon, said motion.

He further alleged any neglect which might be inferred on his part was excusable because of the reasonableness of his belief that no rational person would seriously prosecute an action so "patently fraudulent."

Woosley contends this allegation was sufficient to warrant vacation of judgment pursuant to 12 O.S.1971 § 1031(7) which allows judgment to be vacated for "unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The motion for default judgment contains a certificate of service reciting that a

copy of motion had been mailed to attorney of record for Woosley. The petition to vacate alleges the attorney has "stated" he never received a copy of the motion.

The record indicates more than 15 months elapsed between date Woosley's attorney filed appearance and date default judgment was rendered. Thirteen months elapsed between date default judgment was rendered and date Woosley filed petition to vacate.

There is no allegation in the petition to effect Woosley's attorney had abandoned him. See *Hart v. Pharaoh*, Okl., 359 P.2d 1074.

Generally attorney's ignorance, mistake, or apprehension not occasioned by adverse party, does not constitute grounds for vacating a judgment. *Schneider v. Decker*, 144 Okl. 213, 291 P. 80; *Gavin v. Heath*, 125 Okl. 118, 256 P. 745; *Vincent v. Kelly*, 121 Okl. 302, 249 P. 942. An attorney's negligence while representing client is imputable to client as client's negligence and does not constitute "unavoidable casualty and misfortune" justifying vacation of judgment under statute. *Grayson v. Stith*, 181 Okl. 131, 72 P.2d 820.

We hold trial court did not err in sustaining demurrer to Woosley's petition to vacate.

Insofar as concerns Woosley's allegation concerning fraudulent nature of action, we note that intrinsic fraud does not constitute grounds for vacating a judgment. See *State Life Ins. Co. v. Liddell*, 178 Okl. 114, 61 P.2d 1075.

The opinion of the Court of Appeals, Division 1, is vacated, the judgment of trial court is affirmed insofar as concerns Woosley and Southern, and reversed and remanded insofar as concerns Cimarron.

DAVISON, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., dissents.